**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA KASE,<br><br>                      Plaintiff,<br><br>     v.<br><br>SERENITY HOMECARE, INC. and NORENE<br>VORHIS, in her Official and Individual Capacity.<br><br>                    Defendants. | **COMPLAINT**<br><br>**Civ. Action No. _____** |

## COMPLAINT

## INTRODUCTION

1. Plaintiff GINA KASE, a home health aide, brings this action to recover unpaid overtime wages and compensation for other willful statutory labor law violations owed by her employers, defendants SERENITY HOMECARE, INC and NORENE VORHIS.

2. Plaintiff GINA KASE is a non-exempt home health aide who suffered damages because of the defendants' pattern and practice of denying plaintiff the wage protections afforded to her by Federal and New York State Law, 29 U.S.C. §§ 201, *et seq.*, N.Y. Labor Law §§ 190, *et seq.*, N.Y. Labor Law §§ 650, *et seq.* and 12 N.Y.C.R.R. §§ 142, *et seq.*

3. Throughout her employment with defendants, plaintiff was regularly not paid overtime for every hour she worked over forty hours per week; not paid for all hours that she worked; not paid the New York "spread of hours" premium; and she was not timely paid for all hours worked.

4. Defendants' failure to comply with New York State labor law notice requirements and to maintain true and accurate payroll records effectively denied plaintiff of her lawful wages and prejudiced her ability to assert her legal rights.

## I.      JURISDICTION AND VENUE

5.   Plaintiff GINA KASE brings this action pursuant to 29 U.S.C. §216(b).

6.   This court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331,

     29 U.S.C. §215(a)(2), 29 U.S.C. §216(b), 29 U.S.C. §202(a) and 28 U.S.C. §1337.

7.   Jurisdiction over plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201

     and 2202.

8.   This court has supplemental jurisdiction over plaintiff's claims brought under New York law

     pursuant to 28 U.S.C. §1367(a). Plaintiff's state law claims form part of the same case or

     controversy as plaintiff's federal claims.

9.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2). A substantial part of the

     events giving rise to plaintiff's claims occurred in the Western District of New York.

## II.      THE PARTIES

### A.  Plaintiff

10. Plaintiff GINA KASE is an adult individual who resides in Honeoye Falls, New York.

11. Plaintiff GINA KASE has been employed by the defendants from November 2007 through

     August 2014.

12. At all times relevant to this action, Plaintiff GINA KASE was over the age of 20 when she

     was employed by defendants.

13. At all times relevant to this action, Plaintiff GINA KASE was an "employee" of defendants

     as defined in FLSA, 29 U.S.C. §203(e)(1), N.Y. Labor Law §§190(2) and 651(5), and N.Y.

     Comp. Codes R. & Regs. Tit. 12, §142-2.14.

14. At all times relevant to this action, Plaintiff GINA KASE was a "manual laborer" as defined in N.Y. Labor Law §190(4).

15. At all times relevant to this action, Plaintiff GINA KASE was "engaged in commerce or in the production of goods for commerce" or "working on goods or materials that have been moved in or produced for commerce by any person" while working for the defendants as defined in 29 U.S.C. §203(s).

16. Plaintiff GINA KASE has agreed and consented in writing to be a party plaintiff in this action, as required by 29 U.S.C. §216(b). *See* Kase Executed Consent to Sue Form, attached hereto as Exhibit A.

**B. Defendants**

17. Defendant SERENITY HOMECARE, INC. is a New York domestic business corporation with its principal place of business at 1350 Pittsford-Mendon Road, Mendon, New York, 14506.

18. Defendant SERENITY HOMECARE, INC. regularly conducts business in Monroe County, New York and elsewhere within the jurisdiction of this court.

19. At all times relevant to this action, Defendant SERENITY HOMECARE, INC. was an "employer" and "employed" plaintiff as defined in 29 U.S.C. §§203(d) and 203(g), and N.Y. Labor Law §§190(3) and 651(6).

20. Upon information and belief, at all times relevant to this action, Defendant NORENE VORHIS was President, owner, agent and/or principal of SERENITY HOMECARE, INC.

21. Upon information and belief, at all times relevant to this action, Defendant NORENE VORHIS was an individual engaged in business in Monroe County, New York.

22. Upon information and belief, at all times relevant to this action, Defendant NORENE VORHIS was an "employer" and "employed" plaintiff as defined in 29 U.S.C. §§203(d) and 203(g) and N.Y. Labor Law §§190(3) and 651(6).

23. At all times relevant to this action, Defendant NORENE VORHIS exercised operational control over significant aspects of the day-to-day functions of SERENITY HOMECARE, INC.

24. At all times relevant to this action, Defendant NORENE VORHIS actively managed, supervised and directed SERENITY HOMECARE, INC.'s business operations.

25. At all times relevant to this action, Defendant NORENE VORHIS exercised control over the terms of plaintiff's employment including: (i) hiring and firing decisions; (ii) plaintiff's work schedules; and (iii) the rate and method of employee payment.

26. At all times relevant to this action, Defendant NORENE VORHIS exercised control over the maintenance of employment records.

27. At all times relevant to this action, Defendant NORENE VORHIS acted directly and indirectly in SERENITY HOMECARE, INC.'s interest in relation to its employees, including plaintiff.

28. Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. §§ 203(s), 206(a), and 207(a).

29. Upon information and belief, at all times relevant to this action, defendants' annual gross volume of sales made or business done was not less than $500,000 in the past fiscal year and they have more than two employees.

30. At all times relevant to this action, defendants knew that any home health aide they employed was not exempt under the FLSA's companionship exemption if more than 20 percent of the home heath aide's workweek was spent doing general household work.

## III.    STATEMENT OF FACTS

31. Kyle Heyd, Serenity Homecare Supervisor, hired Plaintiff Kase to work as a home health aide at Defendant Serenity Homecare, Inc. in November 2007.

32. Defendant Serenity Homecare, Inc. provides services to clients who are sick, elderly and mentally ill. Defendant Serenity Homecare, Inc.'s clients reside in their own homes, nursing homes, group homes or assisted living facilities.

33. Plaintiff Kase was employed by the defendants for about seven years, from November 2007 through August 2014. Plaintiff Kase has never received a termination letter from the defendants.

34. At the start of her employment, the defendants agreed to compensate Plaintiff Kase at $12.00 per hour for her work on the weekdays and $13.00 per hour for the work she performed on the weekends.

35. Plaintiff Kase was a dedicated and hard-working employee: she performed all the work requested by the defendants throughout  her employment.

36. Plaintiff Kase worked for the defendants at several different work sites including various clients' homes; Pinehurst, a nursing home at 1000 Pine Trail, Honeoye Falls, NY, 14472; and Bridges of Mendon, a senior assisted-living facility at 3897 Rush Mendon Road, Mendon, NY 14506.

37. Plaintiff Kase's schedule was set and determined by the defendants.

38. Plaintiff Kase took care of multiple clients who suffered from a variety of complex health problems and needed constant care.

39. Plaintiff Kase's client care duties were extremely demanding and included, but were not limited to, the following: waking clients up and putting them to bed; showering; grooming and dressing clients; toileting clients every two hours; preparing, cooking, and serving meals three times per day; cleaning up after each meal; packing clients' dirty laundry to be picked up and washed; errands outside the home; shopping for groceries and other items; shopping for supplies; taking clients to medical and other appointments; and taking clients for walks and exercise, rides and other forms of recreation and leisure and traveling from worksite to worksite.

40. Plaintiff Kase's supervisor directed her not to record her travel time between worksites on her timesheets.

41. Plaintiff Kase's client care duties also included giving clients medication, including administering insulin shots to diabetic clients.

42. Plaintiff Kase spent over twenty percent of her work time performing general household work, which included cleaning common areas including those not utilized by Defendants clients' and maintaining indoor and outdoor areas owned or used by clients.

43. Plaintiff Kase's general household work included cleaning the entirety of clients' homes: sweeping, mopping, vacuuming, and dusting living rooms and dining rooms; cleaning kitchens including cleaning out refrigerators and ovens. Plaintiff Kase also sorted and removed trash and garbage.

44. On behalf of these clients, Plaintiff Kase was required to do gardening in the spring and summer, water plants, and shovel snow in the winter. She was also required to feed and care for clients' pets.

45. The duties assigned to Plaintiff Kase by defendants included non-exempt general household work that consisted of more than 20 percent of her time.

**A.  Unpaid Overtime**

46. Throughout her employment, Plaintiff Kase regularly worked in excess of 40 hours during a work week.

47. For the weeks when Plaintiff Kase worked in excess of 40 hours, defendants did not pay plaintiff overtime wages.

48. Plaintiff Kase was regularly scheduled to work from Sunday through Saturday, seven days per week, with no days off.

49. Throughout her employment the defendants compensated Plaintiff Kase at $12.00 or $13.00 per hour.

50. Plaintiff Kase did not receive her full wages due within seven calendar days of the end of each week in which her wages were earned.

**B.  Unpaid Spread of Hours Pay**

51. Plaintiff Kase regularly worked shifts that lasted over 10 hours each day, for 5 to 7 days per week.

52. Defendants did not pay Plaintiff Kase an extra hour of pay at the minimum wage for each of the days she worked over ten hours, from start to finish.

**C.  Late Wages**

53.  Plaintiff Kase received her wages through direct deposit to her bank account once per week.

54.  As alleged herein, Plaintiff Kase did not receive her full wages due within seven calendar days of the end of each week in which her wages were earned.

55. Defendants did not pay Plaintiff Kase at the overtime rate of pay for every hour of work performed over forty hours per week, on a weekly basis.

**D.  Pay Notice and Paystub Violations**

56. Plaintiff Kase did not receive the legally required New York State employment notice at the time of hire, nor did she sign a written acknowledgement of receipt of this notice.

57. Plaintiff Kase did not receive the legally required New York State wage statements with each wage payment.

58. The defendants did not establish, maintain, and preserve for six years, contemporaneous, true, and accurate payroll records.

59. All of the defendants' actions and omissions were made by the defendants directly or through defendants' supervisory employees and agents.

## IV.    FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Minimum Wage

60. Defendants willfully failed to pay plaintiff the statutorily required minimum wage for plaintiff's work in violation of 29 U.S.C. §206(a) and its implementing regulations.

61. Defendants' failure to pay plaintiff her minimum wages was willful within the meaning of 29 U.S.C. §255.

62. Due to defendants' violations of the FLSA, plaintiff is entitled to recover from defendants her unpaid minimum wages, an equal amount in liquidated damages, pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

## V.      SECOND CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime

63. Defendants willfully failed to pay plaintiff the statutorily mandated overtime compensation at

one and one-half times the regular rate of pay for each hour worked in excess of forty hours

in a workweek, in violation of 29 U.S.C. §207(a)(1) and its implementing regulations.

64. Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of

29 U.S.C. §255.

65. Due to defendants' violations of the FLSA, plaintiff is entitled to recover from defendants

her unpaid overtime premium wages, an equal amount in liquidated damages, pre-judgment

and post-judgment interest, costs, and reasonable attorneys' fees.

## VI.      THIRD CAUSE OF ACTION
### New York Labor Law: Unpaid Minimum Wage

66. Defendants willfully failed to pay plaintiff the statutorily required minimum wage in

violation of NYLL §652 and its implementing regulations.

67. Defendants willfully violated the rights of plaintiff by failing to pay her the wages due and

owing for work performed in violation of New York State Labor Law.

68. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants

her unpaid minimum wages, liquidated damages, pre-judgment and post-judgment interest,

costs, and reasonable attorneys' fees.

## VII.      FOURTH CAUSE OF ACTION
### New York Labor Law: Unpaid Overtime

69. Defendants willfully failed to pay plaintiff overtime premiums, at one and a half times the

regular rate of pay, for all hours worked in excess of forty hours per week in violation of

New York Labor Law Article 19, § 650, *et seq*., and its implementing regulations, 12

N.Y.C.R.R. §142-3.2.

70. Defendants failed to pay plaintiff, a manual worker, weekly, no later than seven days after

the end of the week in which the wages and wage supplements were earned in violation of

N.Y. Labor Law §191(1)(a).

71. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants

her unpaid overtime premium wages, liquidated damages, pre-judgment and post-judgment

interest, costs, and reasonable attorneys' fees.

### VIII.   FIFTH CAUSE OF ACTION
### New York Labor Law: Unpaid Spread of Hours Pay

72. Defendants willfully failed to pay plaintiff an additional hour's pay at the basic minimum

hourly wage rate for every day that plaintiff worked a spread of hours that exceeded 10 hours

(or a shift in excess of 10 hours) in violation of NYLL §§ 190, *et seq*., and 650, *et seq*., and

12 NYCRR § 142-3.4.

73. Defendants willfully violated the rights of plaintiff by failing to pay her the wages due and

owing for work performed in violation of New York State Labor Law.

74. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants

her unpaid spread of hours pay, liquidated damages, pre-judgment and post-judgment

interest, costs, and reasonable attorneys' fees.

### IX. SIXTH CAUSE OF ACTION
### New York Labor Law: Failure to Pay Wages Due

75. Defendants willfully failed to pay plaintiff all wages to which she was entitled to in violation

of NYLL § 663(1).

76. Defendants willfully violated the rights of plaintiff by failing to pay her wages due and owing for work performed in violation of the New York State Labor Law.

77. Due to defendants' violations of the NYLL, plaintiff is entitled to recover from defendants her unpaid wages, liquidated damages, pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

## X.  SEVENTH CAUSE OF ACTION
### New York Labor Law: Failure to Comply with Notification Requirements

78. Defendants willfully failed to issue to plaintiff the legally mandated written pay notice at the time of hire and annually in violation of NYLL § 195(1).

79. Defendants willfully failed to issue to plaintiff legally mandated wage statements in violation of NYLL § 195(3).

80. Pursuant to NYLL § 198(1)(b), plaintiff is entitled to recover fifty dollars for each work week that the violations under NYLL § 195(1) occurred or continue to occur, not exceeding two thousand five hundred dollars, together with costs, reasonable attorneys' fees, and injunctive and declaratory relief.

81. Pursuant to NYLL § 198(1)(d), plaintiff is entitled to recover one hundred dollars for each work week that the violations under NYLL § 195(3) occurred or continue to occur, not exceeding two thousand five hundred dollars, together with costs, reasonable attorneys' fees, and injunctive and declaratory relief.

82. Defendants failed to establish, maintain, and preserve for six years, contemporaneous, true, and accurate payroll records in violation of N.Y. Labor Law §195(4).


**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

a. Declare that defendants violated the FLSA and New York Labor Law;

b. Declare that defendants' violations of the FLSA and New York Labor Law were willful;

c. Enjoin defendants from committing future violations of the New York Labor Law;

d. Grant judgment to plaintiff against defendants for plaintiff's claims of unpaid wages brought pursuant to FLSA as well as an equal amount in liquidated damages;

e. Grant judgment to plaintiff against defendants for plaintiff's claims of unpaid wages brought pursuant to New York Labor Law and liquidated damages;

f. Award plaintiff fifty dollars for each work week that the violations under N.Y. Labor Law §195(1) occurred or continue to occur, not exceeding two thousand five hundred dollars, together with costs, reasonable attorneys' fees, injunctive and declaratory relief against defendants, pursuant to N.Y. Labor Law §198(1)(b);

g. Award plaintiff one hundred dollars for each work week that the violations under N.Y. Labor Law §195(3) occurred or continue to occur, not exceeding two thousand five hundred dollars, together with costs, reasonable attorneys' fees, injunctive and declaratory relief against defendants pursuant to N.Y. Labor Law §198(1)(d);

h. Award plaintiff prejudgment interest, costs, and reasonable attorneys' fees; and

i. Grant such further relief as the court finds just and equitable.


Respectfully Submitted,

/s/ Elizabeth Nicolas
Elizabeth Nicolas, Esq.
Peter O'Brian Dellinger, Esq.
Empire Justice Center
1 West Main Street, Suite 200
Rochester, NY 14614
(585) 295-5825

enicolas@empirejustice.org
pdellinger@empirejustice.org

ATTORNEYS FOR PLAINTIFF

Dated: Rochester, NY
December 21, 2015