**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

GINA KASE,

                            Plaintiff,

        v.

SERENITY HOMECARE, INC. and NORENE
VORHIS, in her Official and Individual Capacity.

                         Defendants.

**Civ. Action No. 15-cv-06760-CJS-MWP**

---

**MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR**
**APPROVAL OF THE SETTLEMENT AGREEMENT**

The parties have recently reached an amicable settlement of plaintiff's claims against defendant, which include unpaid wage claims, brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et seq.  To affect this settlement, the parties respectfully seek court approval for the voluntary dismissal of the action under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  See Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199 (2d Cir 2015).

Plaintiff filed her Complaint on December 21, 2015; defendants filed their Answer on June 24, 2016; and the parties exchanged Rule 26(a)(1) mandatory discovery disclosures. From April 2016 to June 2016, the parties engaged in preliminary settlement negotiations that proved unsuccessful. On January 18, 2017, the parties engaged in settlement negotiations during a mandatory mediation session but were unable to reach a settlement. Plaintiff and defendants exchanged discovery from January 2017 to December 2017, including conducting depositions from May 23, 2017 to May 25, 2017. Over the past two years, the parties have engaged in settlement negotiations and have reached this settlement after subsequent settlement discussions between parties' counsel.

As part of this settlement, the parties have agreed that plaintiff's FLSA claims against defendants should be dismissed with prejudice.  Plaintiff and defendants have attached a copy of their proposed settlement agreement to this Memorandum, and provide details regarding: (1) the compromise settlement of plaintiff's claims against defendants; (2) payment and amount of plaintiff's attorneys' fees; and (3) the fairness and reasonableness of this settlement.

### Plaintiff's Claims Against Defendants

Plaintiff Gina Kase alleged in her complaint that she worked as a non-exempt home health aide for the defendants, Serenity Homecare, Inc. and Norene Vorhis and was not paid overtime; was not paid wages for all hours worked and at least the minimum wage for hours worked during her employment, from November 2007 through August 2014, as required under the FLSA, 29 U.S.C. §207.   Plaintiff also alleged violations of the New York Labor Law (NYLL), including failure to pay minimum wages, NYLL § 652; failure to pay overtime wages, NYLL § 170; failure to pay spread of hours, 12 NYCRR 142-2.4; failure to pay wages due, NYLL § 663(1); as well as notice and record-keeping violations, NYLL § 195 *et seq*.

Defendants agreed to compensate Plaintiff Kase $12 per hour for her work on the weekdays and $13 per hour for the work she performed on the weekends. Plaintiff Kase alleges that she regularly worked over 40 hours per week. She also alleges that she was paid below the minimum wage; during certain periods, she was not paid the proper pay rate; she was not paid for all of the hours that she worked and she was not paid overtime. Based on the plaintiff's records and the defendants' records obtained in discovery, plaintiff's counsel estimates and contends that Plaintiff Kase is owed $2,839.39 in unpaid wages for a recovery period ranging back to December 21, 2012 (if plaintiff proved "willful" FLSA violations) and $37,294.90 for

unpaid wages for a recovery period ranging back to December 21, 2009 under the six-year NYLL statute of limitations.

Defendants deny the substantive allegations in Plaintiff Kase's Complaint and deny all liability under the FLSA and the N.Y. Labor Law.  Defendants also dispute Ms. Kase's estimate of hours worked and her alleged computation of damages.

### Settlement Terms

Plaintiff and defendants' counsel engaged in arms-length settlement negotiations.  As part of the settlement negotiations, the parties agreed to settle the FLSA and NYLL unpaid wage claims and attorneys' fees for a total of $8,000 (the settlement amount).  From the plaintiff's perspective, the prompt payment of wages is far preferable to continued litigation and the high risk of obtaining an uncollectable judgment.

Under the settlement terms, the defendants will pay the settlement amount by installment checks over a ten-month period. *See Settlement Agreement, Exhibit A.* Each month of the payment period, the defendants will deliver two checks to plaintiff's counsel.  One check will be for wages payable to the plaintiff; the defendants will report the entire payment ($5,000.00) to the IRS on Form W-2, less standard withholdings and deductions.  The second check will be for attorneys' fees payable to the Empire Justice Center

Attached is the copy of the settlement agreement for the court's review. This settlement permits the plaintiff to receive a portion of the wages owed to her. The parties have also agreed that a mutual non-disparagement clause and mutual general releases would be an appropriate part of the settlement agreement.

**<u>Attorneys' Fees</u>**

As a non-profit public interest law firm, the Empire Justice Center represents low-income clients without cost.  None of the settlement funds described above will be later paid by the plaintiff to the Empire Justice Center.  As set forth in Section 2(a) of the settlement agreement, defendants have agreed to pay plaintiff's counsel $3,000.00 in attorneys' fees, in addition to the wages paid to the plaintiff.  Over 250 hours have been devoted to this case by plaintiff's counsel. The time records for plaintiff's counsel are attached as *Exhibit B* for the court's review. At plaintiff counsel's standard billing rate, the fees would amount to over $50,000. Here, plaintiff's counsel is seeking compensation for only 15 hours of her legal work.

The design of the Fair Labor Standards Act is intended to rectify and eliminate "labor conditions detrimental to the maintenance of the minimum standard living" for workers. 29 U.S.C. § 202(a).  "The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act." <u>United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., Inc</u>., 732 F.2d 495, 501-502 (6th Cir. 1984).  The purpose of § 216(b) is to insure effective access to the judicial process by providing attorney fees for plaintiffs with wage and hour grievances.  "Obviously Congress intended that the wronged employee should receive his full wages...without incurring any expense for legal fees or costs". <u>Maddrix v. Dize</u>, 153 F.2d 274, 275-76 (4th Cir.1946).

As a result, FLSA fee awards should not simply be proportionate to the results obtained by the plaintiff,  <u>Williams v R.W. Cannon, Inc.</u>, 657 F Supp. 2d 1302, 1313 (S.D. Fla. 2009), because "the award of attorneys' fees in such cases encourages the vindication of

Congressionally identified policies and rights." <u>Allende v Unitech Design, Inc.</u>, 783 F. Supp. 2d

509, 511 (S.D.N.Y. 2011). The FLSA fee provisions "were designed in part to secure legal

representation for plaintiffs whose wage and hour grievances were too small, in terms of

expected recovery, to create a financial incentive for qualified counsel to take such cases under

conventional fee arrangements." <u>Estrella v. P.R. Painting Corp.</u>, 596 F. Supp. 2d 723, 727

(E.D.N.Y. 2009).

Thus, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys'

fee requests will exceed the amount of judgment in the case." <u>James v Wash Depot Holdings,</u>

<u>Inc.</u>, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (awarding attorney fees of $114,021 on a

FLSA judgment of $3,493.62); <u>Fegley v Higgins</u>, 19 F.3d 1126, 1131, 1134-1135 (6th Cir. 1994)

(affirming attorney fees of $40,000 on a judgment of $7,680 for overtime compensation); <u>Lucio–</u>

<u>Cantu v. Vela</u>, 239 Fed. Appx. 866 (5th Cir. 2007) (finding no abuse of discretion in award of

$51,750 in attorney fees on a recovery of $4,679 in wages and damages); <u>Howe v. Hoffman–</u>

<u>Curtis Partners Ltd., LLP,</u> 215 Fed. Appx. 341, 342 (5th Cir.2007) (affirming attorney fees of

and $129,805.50 on $23,357.30 in FLSA damages); <u>Cox v. Brookshire Grocery Co.</u>, 919 F.2d

354, 358 (5th Cir. 1990) (affirming an award of $9,250 in attorneys' fees on a $1,181 judgment

for overtime compensation); <u>Bonnette v. California Health & Welfare</u>, 704 F.2d 1465, 1473 (9th

Cir. 1983) (affirming $100,000 in attorney fees on a judgment of $18,455 in FLSA damages);

<u>Garcia v. Tyson Foods</u>, 2012 WL 5985561 (D. Kan. Nov. 29, 2012) (awarding over $3.2 million

in attorney fees on a jury verdict of $533,011 in a FLSA collective action); <u>Wales v. Jack M.</u>

<u>Berry, Inc.</u>, 192 F.Supp.2d 1313 (M.D.Fl. Dec. 21, 2001) (awarding attorney fees of $352,225.40

on an FLSA recovery of $21,000); <u>Holyfield v. F.P. Quinn & Co.</u>, 1991 WL 65928, *1 (N.D.Ill.

April 21, 1991) (court awarded approximately $7,000 in fees even though the FLSA judgment

was only $921).  *C.f.* Snead v Interim HealthCare of Rochester, Inc., 2018 WL 1069201, at *11

(W.D.N.Y. Feb. 26, 2018) (Wolford, J.) (court approved $7,500 FLSA attorney's fees settlement

after noting amount was "slightly more than the one-third percentage generally accepted by

courts in this Circuit").  In reviewing plaintiff's time records documenting the hours expended on

the prosecution of this case, and the substantial discount from the lodestar figure accepted by the

plaintiff in settlement of this case, plaintiff maintains that the amount of attorneys' fees proposed

to be paid by defendants, $3,000.00, is both fair and reasonable.

### **Settlement Terms Reflect a Fair and Reasonable Compromise of Disputed Issues**

To determine whether a proposed settlement agreement is fair and reasonable, courts

consider the totality of the circumstances, including but not limited to the following factors: (1)

the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the

parties to avoid anticipated burdens and expenses in establishing their respective claims and

defenses"; (3) the seriousness of the litigations risks faced by the parties; (4) whether the

"settlement agreement is the product of arm's-length bargaining between experienced counsel";

and (5) the possibility of fraud or collusion. Wolinsky v. Scholastic Inc., 900 F.Supp. 2d 332,

335 (S.D.N.Y. 2012).

With respect to first Wolinsky factor, range of possible recovery, plaintiff's estimates that

she was entitled to $2,839.39 in unpaid wages ranging back to December 21, 2012, under the

FLSA and $37, 294.90 for unpaid wages ranging back to December 21, 2009, under the NYLL.

Id. Under the proposed agreement, plaintiff's recovery represents all of what she was owed under

FLSA and a portion of what she was owed under NYLL.[1] In December 2017, plaintiff's counsel

reviewed the defendants' financial information. This review clarified that the defendants' would

---

[1] Plaintiff acknowledges that she is not entitled to double recovery under FLSA and NYLL. Her maximum range of recovery for unpaid wages is $37,294.90.

be unable to pay a judgment greater than the amount of the settlement. Although the proposed

agreement is a portion of plaintiff's maximum recovery for unpaid wages ($37,294.90), plaintiff

favors this settlement instead of risking an uncollectable judgment. Defendants' also favor this

settlement to avoid the continued costs of litigation.

In plaintiff's complaint, she alleged that she was a home health aide who was not exempt

under the Fair Labor Standards Act's companionship exemption because of the nature and

location of the work she performed for defendants. As a nonexempt home health aide, plaintiff

was covered by FLSA's overtime and minimum wage protections. Plaintiff alleged that

defendants owed her unpaid overtime and unpaid minimum wages for work and travel time

between defendants' various worksites. Defendants contested these claims by arguing that

plaintiff was properly classified as exempt under the companionship exemption, and they denied

plaintiff's allegations and any wrongdoing. The plaintiff believed she would prevail on her

federal and state unpaid wage claims based on the records obtained in discovery and plaintiff's

personal records about the hours she worked. The defendants believed that they would prevail on

their defenses and asserted that the discovery process provided documentary evidence and

testimony to undermine plaintiff's claims.  While both parties maintained their factual and legal

positions in this matter and were prepared to defend their positions, they are also interested in a

fair resolution of this matter.

Regarding the second Wolinsky factor, this case involves the companionship exemption

and mixed questions of law and fact which has required intensive analysis; here settlement will

enable the parties to avoid additional costs in establishing their respective claims and defenses.

Id.

As to the third <u>Wolinsky</u> factor, the parties recognized and contemplated in their negotiations that the risks of further litigation were high. <u>Id</u>. This case would likely continue with motion practice or trial.

The fourth and fifth <u>Wolinsky</u> factors are met here because the settlement agreement is the product of arms-length bargaining between experienced counsel and there has been no fraud or collusion. <u>Id</u>.   Despite the factual and legal disagreements between the parties, both parties identified a fair and reasonable settlement of plaintiff's claims against defendants.

## **<u>Conclusion</u>**

The parties have negotiated an arms-length agreement which reflect a fair and reasonable compromise of disputed issues.  The defendants have agreed to pay the plaintiff wages owed to her as well as plaintiff's reasonable attorneys' fees, in exchange for plaintiff's voluntary dismissal of this case.  Plaintiff and defendants respectfully request the court approve the settlement agreement in this case.

Respectfully Submitted,

<u>/s/ Elizabeth Nicolas</u>
Elizabeth Nicolas, Esq.
Empire Justice Center
1 West Main Street, Suite 200
Rochester, NY  14614
Phone: (585) 295-5825
Fax: (585) 454-2518
Email: enicolas@empirejustice.org

Dated: Rochester, NY
March 30, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a copy of the Memorandum in Support of the Parties' Joint Motion to

Approve the Settlement Agreement by the Federal Electronic Case Filing System to Jayla R.

Lombardo, attorney for the Defendants, at Davidson Fink, 28 East Main Street, Suite 1700,

Rochester, NY 14614 on this 30th day of March 2018.


/s/ Elizabeth Nicolas