# EXHIBIT A

Settlement Agreement Between Plaintiff Gina Kase and Defendants Serenity Homecare, Inc. and Norene Vorhis

Case No. 15-CV-06760-CJS-MWP

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

**THIS MUTUAL RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") is made and entered into this _____ day of _____, 20___, by and between Gina Kase ("Plaintiff") and Serenity Homecare, Inc. and Norene Vorhis, n/k/a Norene Ryan, in her official and individual capacity (collectively referred to herein as "Defendants"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as "the Parties."

**WHEREAS**, Plaintiff filed a lawsuit in the United States District Court for the Western District of New York (the "Court") under Case No. 6:15-cv-06760 alleging that she was not exempt under the Fair Labor Standards Act's companionship exemption due to the nature and location of the particular work she performed for Defendants' clients during her employment with Defendants, which ended in 2014 (the "Action") and that Defendants owed her unpaid wages and compensation for statutory labor law violations;

**WHEREAS**, it is Defendants' position that Plaintiff was properly classified as exempt under the companionship exemption, and it has denied all of Plaintiff's allegations as well as any and all wrongdoing;

**WHEREAS**, after substantial discussion between the Parties' counsel, the Parties reached a settlement of the action, which is contingent upon, and subject to, the Court's approval and dismissal of the Action;

**WHEREAS**, without any admission of liability or wrongdoing whatsoever, the Parties wish to resolve and settle any and all disputes and controversies between them, including, but not limited to, all issues relating to Plaintiff's Complaint, and the employment of Plaintiff by Defendants.

**NOW, THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual obligations and undertakings of the Parties as set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1. **COURT APPROVAL.** This Agreement is subject to, and contingent upon, the Court's approval of the settlement reflected in this Agreement and the with-prejudice dismissal of the Action. If the Court does not approve the settlement reflected in this Agreement and dismiss the Action with prejudice, the Parties will make all good efforts to resolve the objections raised by the Court, and if the Parties are unable to resolve the objections after good-faith consultation, this Agreement shall be null and void. The Parties shall cooperate in the preparation and filing of all documents that may be necessary for the Court to approve the Parties' settlement and dismiss the Action with prejudice.

2. **CONSIDERATION**

    a. Defendants shall pay Plaintiff and her attorneys a total sum of Eight Thousand Dollars ($8,000.00) (hereinafter the "Settlement Amount) as follows:

Case 6:15-cv-06760-CJS-MWP   Document 29-2   Filed 03/30/18   Page 3 of 8
Kase v. Serenity Homecare, Inc., *et al.*
WDNY Case No. 15-CV-6760

    i.    Three Thousand Hundred Dollars ($3,000.00), which represents attorneys' fees and costs incurred by Plaintiff. Defendants shall pay this amount by installment checks payable to "Empire Justice Center." Defendants will issue Empire Justice Center an IRS Form 1099 for this payment.

    ii.    Five Thousand Dollars ($5,000.00), less applicable deductions and withholdings, which represents wages/benefits due, whether asserted in Plaintiff's Complaint or otherwise. Defendants shall pay this amount by installment checks payable to "Gina Kase." Defendants will report the entire payment ($5,000.00) as gross wages on Plaintiff's IRS Form W-2 for 2018 and 2019. The employer's portion of payroll taxes, deductions, and withheld federal income taxes will be deducted and paid by Defendants to the IRS and the appropriate state taxing authorities.

3.    **PAYMENT AND PAYMENT TIMING.**

    a.    Defendants shall commence payment to Plaintiff within ten (10) days after the court approves the settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Acts and New York Labor Law, and Plaintiff's other claims. Defendants agree to commence payments of the Settlement Amount, as allocated in Exhibit A. Defendants or their counsel shall deliver all payments to Plaintiff's counsel, Empire Justice Center (Attn: Elizabeth Nicolas, Esq.), 1 West Main Street, Suite 200, Rochester, New York 14614.

    b.    If, for any reason, Defendants fail to make any of the payments required by Section 2 and 3 of this Agreement, this Agreement, upon five business days written notice of the default to Defendants' attorney by first class mail, shall be declared void and judgment will be entered jointly and severally against all Defendants in the amount of $8,000.00 minus any payments made and all other appropriate enforcement of this settlement agreement.

    c.    In the event that Defendants make any monthly payment exceeding $800.00, the remaining payments due, if any, will continue to be due on a monthly basis pursuant to the timing schedule on Exhibit A; however, such monthly payments shall be reduced to equal installments in amounts proportionate with the remaining balance (such that the monthly amount due will be the total balance remaining divided by the total months remaining, per the timing schedule on Exhibit A).

4.    **MUTUAL WAIVER AND RELEASE**

    a.    Plaintiff, in consideration of other good and valuable consideration, releases and discharges Defendants from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, specialties, contracts, covenants,

      controversies, agreements, promises, variances, trespasses, judgments, damages, executions, claims and demands under common, equitable, federal, state or local law, and whether known or unknown, or whether asserted or which may have been asserted, related to or arising from Plaintiff's employment by Defendants, or the facts and circumstances which gave rise to the civil action filed by Plaintiff, entitled *Kase v. Serenity Homecare, Inc., et al.*, in the United States District Court, Western District of New York, Index No. 15 CV 6760 (CJS) from the date Plaintiff commenced employment with Defendants until the date of this release.

    b.    Defendants, in consideration of other good and valuable consideration, releases and discharges Plaintiff from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, specialties, contracts, covenants, controversies, agreements, promises, variances, trespasses, judgments, damages, executions, claims and demands under common, equitable, federal, state or local law, and whether known or unknown, or whether asserted or which may have been asserted, related to or arising from Plaintiff's employment by Defendants, or the facts and circumstances which gave rise to the civil action filed by Plaintiff, entitled *Kase v. Serenity Homecare, Inc., et al.*, in the United States District Court, Western District of New York, Index No. 15 CV 6760 (CJS) from the date Plaintiff commenced employment with Defendants until the date of this release.

    5.    **STIPULATION OF DISMISSAL WITH PREJUDICE.**  Upon completion of execution and delivery of this Agreement and the payments set forth in Section 2, counsel for the Parties shall file a Stipulation and Order of Dismissal with Prejudice and request that the Court dismiss with prejudice Plaintiff's Complaint, without costs or attorneys' fees to either Party.  The Parties agree to submit any papers to the Court that are necessary to effectuate the dismissal of the action and/or the full and effective release of all claims released herein; however, the Court shall retain jurisdiction to enforce the terms of this Agreement.

    6.    **MUTUAL NON-DISPARAGEMENT.**  The Parties agree that they will not directly or indirectly make, or cause to be made, any written or oral statement or other communication that is derogatory or disparaging to the other Party.  This will not preclude the Parties from making any good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Any party is allowed to make truthful statements related to or concerning the Action.

    7.    **RESPONSE TO INQUIRIES ON EMPLOYMENT**.  If a current or prospective employer of Plaintiff contacts the Defendants seeking an employment reference, the Defendants will only provide Plaintiff's dates of employment and her position held with the Defendants.

    8.    **VOLUNTARY AGREEMENT.** The Parties represent and warrant that they entered into this Agreement voluntarily, of their own free will, without any pressure or coercion, based on their own judgment and the advice of their own attorneys, and not in reliance upon representations or promises made by anyone else other than those expressly contained in this Agreement.

9.  **SCOPE OF AGREEMENT.** This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior oral and written agreements or understandings related to the subject matter of this Agreement. The Parties reserve their rights as to all matters not specifically covered by this Agreement. The terms of this Agreement may not be modified except by a writing signed by all Parties. The Parties agree that this Agreement shall be construed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law provisions. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law.

10. **GOVERNING LAW.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York, without regard to principles of conflict of laws. The venue for disputes between the Parties arising under this Agreement shall lie in the United States District Court for the Western District of New York.

11. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy or facsimile of the original documents will have the same force and effect as the original.

12. **SEVERABILITY.** Each provision of this Agreement is severable and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

13. **APPLICABLE LAW AND VENUE.** The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles. This Court shall retain jurisdiction over the enforcement of this Agreement. If any action at law or in equity is brought in the future to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover, prior to trial, at trial and on appeal, reasonable attorneys' fees, costs and disbursements, in addition to any other relief that may be granted.

[*signature page to follow*]

Case 6:15-cv-06760-CJS-MWP   Document 29-2   Filed 03/30/18   Page 6 of 8
Kase v. Serenity Homecare, Inc., *et al.*
WDNY Case No. 15-CV-6760

_____   _____
**GINA KASE**                    **DATE**


_____   _____
**NORENE RYAN**                  **DATE**

5

# EXHIBIT A

Payment Schedule

**Gina Kase v. Serenity Homecare, Inc. and Norene Vorhis Payment Schedule (15-CV-6760)**

| Check Distribution | Wages Check | Attorney/Court Fees Check | Total Monthly Payment |
|---|---|---|---|
| **Month 1** |  | $800.00 | $800.00 |
| **Month 2** |  | $800.00 | $800.00 |
| **Month 3** | $625.00 | $175.00 | $800.00 |
| **Month 4** | $625.00 | $175.00 | $800.00 |
| **Month 5** | $625.00 | $175.00 | $800.00 |
| **Month 6** | $625.00 | $175.00 | $800.00 |
| **Month 7** | $625.00 | $175.00 | $800.00 |
| **Month 8** | $625.00 | $175.00 | $800.00 |
| **Month 9** | $625.00 | $175.00 | $800.00 |
| **Month 10** | $625.00 | $175.00 | $800.00 |
|  |  |  |  |
| **TOTAL** | $5,000.00 | $3,000.00 | $8,000.00 |